IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SVENJA SCHMITT,

    Plaintiff,

v.

H2 STUDIO COMPANY LIMITED,

    Defendant.

Case No.: 1:23-cv-15234

**COMPLAINT**

Plaintiff, SVENJA SCHMITT ("Schmitt" or "Plaintiff"), hereby files this Complaint against the owner and/or operator of H2 STUDIO COMPANY LIMITED ("Defendant"), and for her Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet store operating under the Defendant aliases and/or the online marketplace account (the "Defendant Internet Store"). Specifically, Defendant is reaching out to do business with Illinois residents by operating commercial, interactive internet store through which Illinois residents can purchase products bearing infringing versions of Plaintiff's copyrighted work. The Defendant has targeted Illinois residents by operating online store that offers shipping to the United States,

1

including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyrighted works to residents of Illinois. The Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. Plaintiff, Svenja Schmitt, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's images and illustrations. Schmitt is the artist and designer behind Pixie Cold Art. For Schmitt, art is not just her opportunity to create a living for herself and her daughter, but also her passion.

4. This action has been filed by Plaintiff to combat Defendant, a repeat online copyright infringer, who trades upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products in connection with Plaintiff's images and illustrations. In addition, the Defendant is selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's images and illustrations.

5. In particular, Defendant's infringing activity has and continues to encompass the use of the Plaintiff's "King of Lions" artwork, which is protected by United States Copyright Registration No. VA 2-342-076. Plaintiff is the true and lawful owner of United States Copyright Registration No. VA 2-342-076 (hereinafter, the "Svenja Schmitt Work"). A true and accurate copy of the copyright registration is attached hereto as **Exhibit 1**.

6. This Court has personal jurisdiction over this Defendant, because Defendant conducts significant business in Illinois and in this judicial district. Furthermore, the acts and events giving rise to this lawsuit were undertaken in Illinois and in this judicial district. In addition, this Defendant has offered to sell and ship infringing products into this judicial district.

## THE PLAINTIFF

7. Plaintiff, Svenja Schmitt, is the artist and designer behind Pixie Cold Art. Plaintiff is the owner of a collection of artworks which are duly copyrighted, including the copyright registration that protects the creative content of the Svenja Schmitt Work. For Schmitt, art is not just her opportunity to create a living for herself and her daughter, but also her passion.

8. Schmitt also runs her own online shop. Schmitt's reach on social media and her customer base grew immensely so that she was able to become self-employed very quickly with her art and designs. Several times a year Schmitt works as a designer on large projects and develops designs for projects such as puzzles and games.

9. Schmitt has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Svenja Schmitt Work. As a result, products associated with the Svenja Schmitt Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Schmitt (the "Svenja Schmitt Products").



https://www.etsy.com/de/shop/PixieColdArt

3

10. Plaintiff is the owner of the United States Copyright Registration that covers the Svenja Schmitt Work. The Registration is valid, subsisting and in full force and effect. A true and correct copy of the registration certificate for the Svenja Schmitt Work is attached hereto as **Exhibit 1**.

11. Schmitt has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in the Svenja Schmitt Work.

12. The success of the Svenja Schmitt Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts.

13. As a result of Plaintiff's efforts, the quality of the Svenja Schmitt Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Svenja Schmitt Work and associate it exclusively with Plaintiff.

14. Schmitt has made efforts to protect Plaintiff's interests in and to the Svenja Schmitt Work. No one other than Schmitt and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Svenja Schmitt Work without the express written permission of Schmitt.

**THE DEFENDANT'S UNLAWFUL CONDUCT**

15. The success of the Svenja Schmitt Products has resulted in significant copying of the creative content protected by Plaintiff's copyright registrations. Plaintiff has identified numerous fully interactive websites and marketplace listings on various platforms, including Defendant's online internet store. Through its internet store, Defendant has reproduced, offered to sell, and sold an unauthorized copies of Plaintiff's copyright protected work entitled "King of the Lions":

| Plaintiff's artwork protected by Copyright Reg. No. VA 2-342-076 Title of Work: King of the Lions | Product offered for sale on Defendant's Internet Store |
|---|---|
|  |  |

## COUNT I
## COPYRIGHT INFRINGEMENT

16. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

17. The Svenja Schmitt Work has significant value and has been produced and created at considerable expense.

18. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Svenja Schmitt Work, including derivative works. The Svenja Schmitt Work is the subject of the valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

19. Defendant, without the permission or consent of Plaintiff, has, and continues to sell online pirated derivative works of the copyrighted Svenja Schmitt Work. Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

20. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

21. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

22. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights and ordering that Defendant destroy all unauthorized copies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Svenja Schmitt Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising,

offering for sale, or sale of any product that is not an authorized Svenja Schmitt Product or is not authorized by Plaintiff to be sold in connection with the Svenja Schmitt Work;

b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Svenja Schmitt Work;

c. further infringing the Svenja Schmitt Work and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Svenja Schmitt Work, and which are derived from Plaintiff's copyrights in the Svenja Schmitt Work; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Svenja Schmitt Work;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Internet Store, shall:

a. disable and cease providing services for any accounts through which Defendant engages in the sale of products not authorized by Plaintiff which reproduce the Svenja Schmitt Work or are derived from the Svenja Schmitt Work;

b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of products not authorized by Plaintiff which are derived from the Svenja Schmitt Work; and

c. take all steps necessary to prevent links to the Defendant account from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index;

3) For Judgment in favor of Plaintiff against Defendant that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

4) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: October 23, 2023

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**